(83 South. 376)

No. 23663.

JOHNESS et al. v. ERNEST et al.

In re JOHNESS et al.

(Dec. 1, 1919.)

*(Syllabus by Editorial Staff.)*

JUDGES ☞51(2)—RECUSATION OF JUDGE AFTER GRANTING INJUNCTION IN COMMISSIONERSHIP CONTEST.

Where certain drainage district commissioners then in office and others who claimed their right to the office both applied to the judge for preliminary injunction restraining their opponents from interfering with the office, and the judge granted preliminary writs to one party and denied them as to the others, at the same time, the mere fact that after signing one application refusing it, and before signing the order granting the other, a motion to recuse was presented, did not deprive him of the right to act as to the second application.

O'Niell, J., dissenting.

Application by A. H. Johness and others against John Ernest and others for writs of certiorari, mandamus, and prohibition to test the respondents' rights to office. Order granting writs recalled.

Borah, Himel, Block & Borah, of Franklyn, and C. A. Buchler, of Gretna, for relators.

SOMMERVILLE, J. The case involves a contest for the office of the board of commissioners of the fourth Jefferson drainage district for the parish of Jefferson.

Frank E. Fagot, John Ernest, and A. Alexander, the incumbents, sued out preliminary injunctions to prevent Allen H. Johness, Frank J. Clancy, and A. H. Ahten, the newly selected commissioners, from interfering with them in the discharge of duties of their office. Relators did not ask that the records in those cases be sent to this court. The district judge recused himself in the case against Johness, and proceeded with the trial of the case of Fagot v. Clancy. While the case was in progress of trial, the police jury of Jefferson selected Johness, Clancy, and Ahten a second time as commissioners.

On the day that the police jury acted, July 2, 1919, a preliminary injunction was applied for by Johness, Clancy, and Ahten, in one petition, to prevent Fagot, Ernest, and Alexander, the present incumbents, from interfering with them in the discharge of their duties as a board of commissioners. The district judge, having cognizance of the former injunctions issued between the same parties with reference to the same offices, postponed acting upon the application for injunction until the following day. On the same evening, the present incumbents notified the judge that they would again apply for injunctions to prevent the newly appointed commissioners from interfering with them in the discharge of their duties, and the judge told them, or their attorneys, that the other side had made application for an injunction, and that consideration of the matter had been postponed until the next day, and that, at the same time, he might appear and present their petitions for injunction. At the time designated the four petitions for preliminary injunctions were presented, and the judge took all of them under consideration. At that time the four last suits had not been filed or docketed, and of course they had not been allotted between the two judges of the district. On the morning of July 8th the district judge notified all parties that he would refuse the injunction as against the incumbents and that he would grant the preliminary injunctions asked for by the present incumbents, and the orders were signed by him on the same day, at about the same time. When the judge announced his decision, counsel for the newly appointed commissioners arose and asked that the judge be recused, and the motions for recusation were referred by the judge to his brother judge of the same district for trial. As to

the suit of Alexander against Johness, the district judge recused himself.

Thereupon Johness, Clancy, and Ahten applied to this court for writs of certiorari, prohibition, and mandamus, commanding the district judge to send up the whole record, and that the writs of injunction issued in favor of Fagot and Alexander, two of the present incumbents, be set aside, and that the judge be prohibited from further proceeding in the trial of the cases, and that an order issue commanding the judge to issue a preliminary injunction in favor of the relators, restraining and enjoining Messrs. Fagot, Ernest, and Alexander from interfering with the petitioners in the peaceful enjoyment of the office of the members of the board of commissioners of the fourth Jefferson drainage district. The writ was issued, and the respondent judge was ordered to show cause why writs prayed for by relators should not be granted.

The whole record is before us, together with the answer of the district judge. The record contains the petition for injunction by the newly appointed commissioners, the petition of Fagot against Ahten, one of the new commissioners, and the petition in Alexander v. Clancy, one of the new commissioners. The record does not show that these petitions were ever filed; but the allegations of the petitioners, together with the answer of the district judge, would indicate that they had been filed on the date before mentioned, July 8, 1919, although the orders granting and refusing the injunctions are dated July 2, the date on which the respective parties applied to the district judge for the issuance of injunctions.

The complaint of relators appears to be that, after having refused to issue the injunction applied for by them and the making of motions by them to recuse the judge, the judge acted upon the petitions of the present incumbents, and issued the preliminary injunctions as prayed for by them.

Yet, in their petition to this court, they make the inconsistent demand that the judge, after having been recused, should order a preliminary injunction in their favor, restraining and enjoining the present incumbents from interfering with petitioners. If, as they claim, the judge is recused, he cannot now enter an order granting them a preliminary injunction against the present incumbents.

But we think that the relators are in error in saying that the judge could not act upon the petitions of Fagot and Alexander, the present incumbents, for injunctions against the newly appointed commissioners, because, at the time of acting, he had been recused. All of these things were done at one and the same time by the judge. He publicly announced that he would refuse the preliminary injunction asked for by relators; and that he would grant the preliminary injunctions sought by the incumbents. The order in which the judge proceeded to act in these matters, all things being laid before him at the same time, cannot be used by the litigants, who had presented their petitions for injunctions, to prevent him from disposing of all at the same time. At the time it would appear that no one of the petitions for injunction had been filed or docketed, or allotted between the two judges of the district. The applications were presented to Judge Fleury, and his action on them, at the same time, constitutes but one act, and no part thereof had precedence over the other. The order of the trial judge, directing that the motion to recuse him in two of the cases should be referred to his brother judge, did not, under the circumstances, deprive him of the right to dispose of the remaining applications for preliminary injunctions then before him.

Relators and the present incumbent officers were all present, and all applied to the judge for preliminary injunctions. They submitted their petitions to him, and he acted upon

them, at one and the same time. Simply because relators presented a motion to recuse the judge between the time that he had affixed his signature to their petition, refusing an injunction, and the time that he affixed his signatures to respondents' petitions granting the injunctions prayed for by them, could not alter the conditions, so as to prevent him from signing the orders granting the injunctions in favor of respondents; the judge was fully aware of existing injunctions in favor of the present incumbents preventing relators from interfering with them in the discharge of the duties of their office, and in granting the second injunction to the incumbents in office he was simply maintaining the existing writs of injunction.

The whole proceeding was irregular. The petitions for injunction were not filed when they were presented to the judge, or even when he acted upon them. There was no suit pending at the time that motions to recuse the judge were made. The petitions were filed, if ever filed, after the preliminary applications and motions to recuse had been presented to the judge, and had been disposed of.

The order granting the writ in this case is recalled, at relators' cost.

O'NIELL, J., dissents.